IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFERY R. NELSON,

    Petitioner,

v.

BRIAN COOK, WARDEN,
SOUTHEASTERN CORRECTIONAL INST.,

    Respondent.

CASE NO. 2:19-CV-01954
JUDGE GEORGE C. SMITH
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C. 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, these are the circumstances here.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his February 26, 1991, convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on one count of aggravated murder with specifications and two counts of aggravated robbery. He was sentenced to a term of life imprisonment with no

parole eligibility for 23 years on the aggravated murder charge and firearm specification, in addition to concurrent sentences of 6 to 25 years on each of the aggravated robbery charges, to be served consecutively to the sentence for aggravated murder. *See State v. Nelson*, 10th Dist. No. 11AP-720, 2012 WL 1530950, at *1 (Ohio Ct. App. May 1, 2012). The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> On November 21, 1989, appellant was indicted on two counts of aggravated murder, three counts of aggravated robbery, four counts of kidnapping, one count of receiving stolen property, and one count of possession of a dangerous ordnance. Nine of the counts also carried firearm specifications. The charges arose out of the "robbery of a Bob Evans restaurant and the murder of Ralph C. Webster." Id. at ¶ 2. Appellant was under 18 years of age at the time of the crimes, and the juvenile court "bound him over for prosecution as an adult." Id.
>
> {¶ 3} In February 1991, appellant entered a guilty plea to one count of aggravated murder with specifications, and two counts of aggravated robbery. In accordance with the guilty plea, the trial court sentenced appellant to "life imprisonment with no parole eligibility for 23 years on the aggravated murder charge and firearm specification, as well as concurrent sentences of 6 to 25 years of incarceration on each of the aggravated robbery charges, to be served consecutively to the sentence for aggravated murder." Id. at ¶ 3.
>
> {¶ 4} On May 15, 2006, appellant filed a petition for post-conviction relief. By entry filed on June 14, 2006, the trial court denied appellant's petition.
>
> {¶ 5} On May 19, 2011, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. By decision and entry filed August 16, 2011, the trial court denied appellant's motion, finding he "failed to establish that the trial court lacked subject-matter jurisdiction to accept his guilty plea and that his claim for ineffective assistance of counsel was moot." Id. at ¶ 4. Appellant appealed that decision, and in Nelson this court affirmed the judgment of the trial court.
>
> {¶ 6} On November 17, 2016, appellant filed a "motion for return bindover." By entry filed December 7, 2016, the trial court denied the motion, holding the motion constituted an untimely petition for post-conviction relief and that it was barred by the doctrine of res judicata.
>
> {¶ 7} On March 20, 2017, appellant filed a "motion for de novo resentencing." By decision and entry filed August 7, 2017, the trial court denied appellant's motion. Appellant filed a motion for leave to file a delayed appeal and this court, by journal entry filed September 26, 2017, denied the motion for leave and dismissed the appeal. In reaching that determination, this court noted that, while appellant's

"motion for 'de novo resentencing' arose out of appellant's criminal conviction, the motion gave rise to postconviction proceedings that were civil, rather than criminal, in nature." (Jan. 26, 2018 Jgmt. Entry.)

{¶ 8} On July 30, 2018, appellant filed a "motion to correct void judgment." In the accompanying memorandum in support, appellant argued the juvenile court failed to hold an amenability hearing prior to sending the case to the general division in accordance with R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b). On August 8, 2018, the state filed a memorandum contra appellant's motion. By decision and entry filed August 9, 2018, the trial court denied appellant's motion.

{¶ 9} On appeal, appellant, pro se, sets forth the following three assignments of error for this court's review:

[I.] THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GIVE APPELLANT THE OPPORTUNITY TO RESPOND TO THE PLAINTIFF'S MOTION IN OPPOSITION.

[II.] COUNSEL WAS WHOLLY INEFFECTIVE FOR SANCTIONING APPELLANT TO ENTER INTO AN UNINTELLIGENT AND UNKNOWINGLY PLEA OF GUILTY TO SERIOUS CHARGES WITHOUT AN ANAMENABILITY [SIC] HEARING.

[III.] APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE CAUSE OF LAW IN ACCORDANCE WITH ARTICLE 1 SECTION 16 OF THE OHIO CONSTITUTION AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

*State v. Nelson*, 10th Dist. No. 18AP-659, 2019 WL 1354035, at *1–2 (Ohio Ct. App. March 26, 2019). On March 26, 2019, the appellate court affirmed the judgment of the trial court. *Id.* Petitioner apparently did not file an appeal.

On May 13, 2019, Petitioner filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He asserts that the trial court failed to secure a valid conviction during the imposition of sentence by failing to advise him of his appellate rights, rendering the sentence void (claim one); and that he was denied the effective assistance of counsel because his attorney failed to file an appeal (claim two). Plainly, however, this action is time-barred.

---

[1] Petitioner indicates that he executed the Petition on May 8, 2019. (*Petition*, Doc. 1, PAGEID # 15).

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

A District Court is permitted to address the timeliness of a federal habeas corpus petition sua sponte, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4. *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198). Here, because Petitioner's judgment of conviction became final prior to the effective date of the AEDPA, he had until April 24, 1997, within which to file his habeas corpus petition. *See Banks v. Ohio*, 238 F.Supp.2d 955 (S.D. Ohio 2002); *Whalen v. Randle*, 37 F. App'x 113, 117 (6th Cir. 2002) (citing *Austin v.*

*Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999)). He waited more than 22 years to execute this habeas corpus Petition. And, although he began to pursue state-court remedies in 2006, none of those actions affected the running of the statute of limitations because the one-year statute of limitations had long since already expired. "The tolling provision does not . . . 'revive' the limitations period (*i.e*., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Further, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations, particularly for the time period at issue here. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that in order to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## III. RECOMMENDED DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date: June 19, 2019                             /s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE