**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JEFFERY R. NELSON,**

       **Petitioner,**

     v.                      **CASE NO. 2:19-CV-01954
JUDGE GEORGE C. SMITH
Magistrate Judge Kimberly A. Jolson**

**BRIAN COOK, WARDEN,
SOUTHEASTERN CORRECTIONAL INST.,**

       **Respondent.**

## **OPINION AND ORDER**

On June 19, 2019, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the Petition for a writ of habeas corpus be dismissed as barred by the one-year statute of limitations of 28 U.S.C. § 2244(d). (ECF No. 4). Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 5).

Petitioner objects to the dismissal of this action. He asserts the denial of the effective assistance of counsel as cause for any procedural default, and objects to any deference being granted to the findings of the state appellate court under the provisions of the Antiterrorism and Effective Death Penalty Act.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons discussed by the Magistrate Judge, this Court agrees that this action plainly is time-barred.

Therefore, Petitioner's Objection (ECF No. 5) is **OVERRULED**. The Report and Recommendation (ECF No. 4) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ––U.S. ––. ––, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action as time-barred. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED.**

      */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**